GRACEY, JUDGE:
The claimants, father and daughter, seek an award of $10,020.00. This is the total amount of a project proposed by a contractor and includes:
Block wall construction $6,870.00
Existing Driveway Drain Relocation550.00
Excess Dirt Removal on the LavA20.00
Compacted Asphalt Gutter Between the Existing Road and the New Walll,500.00
Cleanup and Stone Placement for the Gutter and Wall 680.00
Their property is located on County Route 7, also known as Spring Valley Drive, in Wayne County. Jacqueline L. Porter Caudill is the owner of the property. Her father, Jack D. Porter, has a dower interest. The property consists of two lots, and a house which was built around 1936 or 1937. The house faces to the South, onto Spring Valley Drive. To the west and north of the property lies Spring Valley Circle, also known as County Route 7/9, which circles up the hillside behind claimant's property. The claimants allege water damage to their property due to the failure of respondent to maintain adequate ditching and drainage in the area.
Claimant, Jacqueline L. Porter Caudill, testified that there is water runoff from Spring Valley Circle which crosses the property during hard rains. A storm sewer runs from the north side of Spring Valley Circle, across the property and connects with another drainpipe which crosses under Spring Valley Drive. Claimant testified that the sewer is inadequate, causing water to flow over the road and onto her land. Claimant testified that she does not know who constructed the existing drainage system.
Jonathan M. Fowler, a professional engineer, examined the property in question for the claimants. He testified that in his opinion, the inadequate storm sewer was the major cause of the damage to claimants' property. He also stated that inadequate ditch lines on Spring Valley Circle aggravated the problem. He stated that the owner of the lot *16 across Spring Valley Circle from the claimants had graded his lot to the edge of the pavement, and that there was no ditch line there. Other factors contributing to the problem included increased development in the area of claimants' property and the land's location in a natural drainage area.
James Robert Campbell, an engineer employed by respondent, testified that while the ditch lines were not well maintained, the primary causes of claimants' water problems were the location of the land in a natural drainage area, and the inadequately designed storm sewer on claimants' property. He stated that he could find no record as to when or by whom the sewer was installed.
In view of the evidence presented, the Court can find no basis to hold the respondent liable for claimants' damages. The expert witnesses testified that the primary cause of the water flowing onto the land, the low point of some eleven acres, was the inability of the storm sewer to carry the surface water away. No evidence was presented to establish that the sewer was either designed or -maintained by respondent.
It is not the function of this Court to make an award for such a proposed project. Rather, this Court considers damages incurred, and if incurred by reason of some act or omission of a State agency, then an appropriate award may be made. This is not a claim for such damages. Although evidence was presented that flowing surface water had damaged claimants' yard and had flooded the basement of claimants' dwelling house, no evidence was presented of the amount of monetary damages to the claimants' property. Accordingly, the Court is of opinion to disallow the claim.
Claim disallowed.